**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

DENNIS (NMN) KITTS
TAMMY TERESA KITTS

        Debtors

Case No.  06-31215

**MEMORANDUM ON CHAPTER 13
TRUSTEE'S OBJECTION TO CLAIM OF
<u>WORLD FINANCE CORPORATION</u>**

**APPEARANCES:**   BOND, BOTES & LAWSON, P.C.
   Cynthia T. Lawson, Esq.
   5418 Clinton Highway
   Knoxville, Tennessee  37912
   Attorneys for Debtors

   GWENDOLYN M. KERNEY, ESQ.
   Post Office Box 228
   Knoxville, Tennessee  37901-0227
   Chapter 13 Trustee

   WILLIAM L. COOPER, III, ESQ.
   700 Sevier Avenue
   Knoxville, Tennessee  37920
   Attorney for World Finance Corporation

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This contested matter is before the court on the Objection by Chapter 13 Trustee to Proof of Claim Filed by World Finance Corporation (Objection to Claim) filed by the Chapter 13 Trustee, Gwendolyn M. Kerney, on August 10, 2006, objecting to the allowance of the claim filed on June 26, 2006, by World Finance Corporation (World Finance) in the amount of $3,698.00. The Chapter 13 Trustee's Objection to Claim is grounded on the fact that the Debtors' confirmed Chapter 13 Plan provides for the surrender of the Debtors' 1993 Ford Thunderbird (Ford Thunderbird) in full satisfaction of the World Finance debt. World Finance filed the Response of World Finance Corporation to Objection by Chapter 13 Trustee to Proof of Claim Filed by World Finance Corporation on August 17, 2006, arguing that its claim is secured by collateral in addition to the Ford Thunderbird and that it is, therefore, entitled to an unsecured claim for any amounts over the value of the Ford Thunderbird.[1]

An initial hearing on the Objection to Claim was held on September 13, 2006, and an evidentiary hearing was scheduled for October 11, 2006. On October 4, 2006, the Debtors filed the Debtor's [sic] Brief in Support of Trustee's Objection to Proof of Claim of World Finance Corporation. On October 5, 2006, the Trustee filed the Chapter 13 Trustee [sic] Brief in Support of Objection to Claim of World Finance, and World Finance filed the Brief of World Finance Corporation in Opposition to Objection by Chapter 13 Trustee to Proof of Claim Filed by World Finance Corporation. Also on October 5, 2006, the parties filed Joint Stipulations of Undisputed Facts, stipulating to the admission of the Debtors' confirmed Chapter 13 Plan, World Finance's

---

[1] World Finance does not assign a value to any of its collateral other than the Ford Thunderbird.

Proof of Claim, and the Debtors' petition, statements, and schedules.[2] At the hearing on October 11, 2006, the parties agreed that an evidentiary hearing was not necessary, and the matter could be decided on stipulations and briefs.

This is a core proceeding. 28 U.S.C. § 157(b)(2)(B) (2006).

# I

The following facts are not in dispute. The Debtors filed the Voluntary Petition commencing their Chapter 13 bankruptcy case on June 8, 2006. In Schedule D, the Debtors listed World Finance as a secured creditor, holding a claim in the amount of $4,380.00, secured by a lien on the Ford Thunderbird which they valued at $500.00, leaving $3,880.00 of the scheduled claim as unsecured. JT. STIPS. at ¶ 4. The Debtors also assigned a value of $500.00 to the Ford Thunderbird in Schedule B. JT. STIPS. at ¶ 4. In their proposed Chapter 13 Plan, the Debtors provided that the Ford Thunderbird was to be "Surrender[ed] in Full Satisfaction of Debt." JT. STIPS. at ¶ 5. World Finance did not object to the treatment provided for its claim under the proposed plan, and on July 17, 2006, the court confirmed the plan pursuant to an Order Confirming Chapter 13 Plan (Confirmed Plan). JT. STIPS. at ¶ 7.[3]

On June 26, 2006, World Finance filed a Proof of Claim in the amount of $3,698.00, with $1,100.00 listed as secured and the balance of $2,598.00 listed as unsecured. World Finance

---

[2] The court also takes judicial notice of all documents material to its resolution of this contested matter filed in the Debtors' bankruptcy case pursuant to Rule 201 of the Federal Rules of Evidence.

[3] The Joint Stipulation of Undisputed Facts erroneously states that the Debtors' plan "was confirmed by Order entered July 14, 2006." The Confirmation Order, while signed on July 14, 2006, was not entered until July 17, 2006.

attached the following supporting documentation to its Proof of Claim: (1) a "Loan Terms and Federal Disclosure Statement" (Note) dated November 10, 2005, evidencing a loan from World Finance to the Debtor Tammy Kitts in the principal amount of $3,690.60 plus interest at an annual percentage rate of 27.51%, secured by "Motor Vehicle(s)" and "Personal Property";[4] (2) the Certificate of Title to the Ford Thunderbird establishing Tammy Kitts as the owner and identifying World Finance as the first lienholder; and (3) a document entitled "Exhibit A - Personal Property" evidencing Tammy Kitts' grant to World Finance of a security interest in various household items, including two televisions sets, a VCR/DVD player, two riding lawnmowers, one push lawnmower, and a grandfather clock, with a collectively stated value of $4,250.00, and the Ford Thunderbird with a stated value of $1,100.00.[5] JT. STIPS. at ¶¶ 1, 3.

On July 17, 2006, World Finance filed the Motion by World Finance Corporation for Entry of Agreed Order Lifting Stay and for Abandonment of Property, seeking stay relief with respect to the Ford Thunderbird. The court entered an Agreed Order Lifting Automatic Stay on July 18, 2006. JT. STIPS. at ¶ 6.

The Trustee filed her Objection to Claim on August 10, 2006, contending that World Finance is bound by the terms of the Confirmed Plan which provides for the Ford Thunderbird to be "Surrender[ed] in Full Satisfaction of [the World Finance] Debt" and seeks disallowance of the claim in its entirety. JT. STIPS. at ¶ 8. In its Response filed on August 17, 2006, World Finance argues that

---

[4] This, and the other documentation, evidences that Tammy Kitts is the principal obligor and that the joint Debtor Dennis Kitts is a co-signer.

[5] The Joint Stipulations of Undisputed Facts incorrectly states that the personal property pledged on the loan had a value of $4,750.00.

the Ford Thunderbird only secured $1,100.00 of the Debtors' obligation and that it is, therefore, entitled to an unsecured deficiency claim in the amount of $2,598.00. JT. STIPS. at ¶ 9. Pursuant to the Joint Statement of Issues filed by the parties on October 5, 2006, the issues before the court are as follows:

> 1. Does the phrase "[s]urrender in full satisfaction of debt" contained in paragraph 14 of the Chapter 13 Plan of debtors, in the case of the claim of movant which is filed as $2598.00 unsecured and $1100.00 secured, mean that the entire $3698.00 claim is treated as fully satisfied by surrender of the 1993 Ford Thunderbird[;]
>
> 2. Does the fact that debtors value the 1993 Ford Thunderbird at $500.00 affect the result[; and]
>
> 3. Whether confirmation of the Chapter 13 Plan binds the creditor to the specified treatment in the Chapter 13 plan, specifically, "Surrender in full satisfaction of debt[.]"

JT. STMT. OF ISSUES at 1. In support of the Trustee's position, the Debtors also argue that the terms of the Confirmed Plan are binding, and World Finance's claim was satisfied in its entirety by the surrender of the Ford Thunderbird.

## II

"A proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim." FED. R. BANKR. P. 3001(f). Furthermore, "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a) (2005); *see also* FED. R. BANKR. P. 3007 (setting forth the procedure for objections to claims). The objecting party then bears the burden of "presenting evidence to rebut or cast doubt upon, the creditor's proof of claim . . . [and] produc[ing] evidence which, if believed, would refute at least one of the allegations that is essential

5

to the claim's legal sufficiency[,] . . . [at which point], the burden reverts to the claimant to prove the validity of the claim . . . by a preponderance of the evidence." *In re Cleveland*, 349 B.R. 522, 527 (Bankr. E.D. Tenn. 2006) (quoting *In re Giordano*, 234 B.R. 645, 650 (Bankr. E.D. Pa. 1999)).

Here, whether the Objection to Claim should be sustained revolves entirely around the effect of the language in the Confirmed Plan providing for the surrender of the Ford Thunderbird in full satisfaction of the World Finance debt. Simply stated, upon the surrender by the Debtors of the Ford Thunderbird was the $3,698.00 claim of World Finance satisfied in its entirety? The court finds that it was.

"The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327(a) (2005). As such, "'creditors are limited to those rights that they are afforded by the plan, [and] they may not take actions to collect debts that are inconsistent with the method of payment provided for in the plan.'" *United States v. Richman (In re Talbot)*, 124 F.3d 1201, 1209 (10th Cir. 1997) (quoting 8 COLLIER ON BANKRUPTCY ¶ 1327.02[1] (Lawrence P. King ed., 15th ed. 1996)). "[P]arties are bound by the terms of the confirmed plan, including the values assigned to collateral and the amount of payment to be received. Therefore, a creditor cannot come in after confirmation and argue that the value assigned to collateral was mistaken or unfair." *Americredit Fin. Servs., Inc. v. Nichols (In re Nichols)*, 440 F.3d 850, 856 n.5 (6th Cir. 2006) (citations omitted). "Indeed, confirmation of a plan has been described as 'res judicata of all issues that could or should have been litigated at the confirmation hearing.'" *Ruskin*

*v. DaimlerChrysler Servs. N. Am., LLC (In re Adkins)*, 425 F.3d 296, 302 (6th Cir. 2005) (quoting *In re Cameron*, 274 B.R. 457, 460 (Bankr. N.D. Tex. 2002)).

It is undisputed that World Finance did not object to confirmation of the Debtors' proposed Chapter 13 Plan, and that the plan was confirmed pursuant to the Order Confirming Chapter 13 Plan entered on July 17, 2006. As material to this contested matter, the Confirmed Plan provides as follows:

> SURRENDERED COLLATERAL: Debtor(s) surrender the following collateral and the creditor shall be paid an allowed unsecured deficiency claim unless noted otherwise. The deficiency claim, however, shall be filed by the claim bar date unless the creditor seeks and is granted additional time within which to file any deficiency claim.
>
> | Creditor | Collateral | |
> |---|---|---|
> | World Finance | 1993 Ford Thunderbird | Surrender in Full Satisfaction of Debt |

CONFIRMED PLAN at ¶ 14; *see also* JT. STIPS. at ¶ 5.

Thereafter, on July 18, 2006, the court entered an Agreed Order Lifting Automatic Stay, which provides as follows:

> Prior to commencement of Debtor's Chapter 13 bankruptcy case, World Finance Corporation ("World Finance") extended a loan to Debtor secured by a 1993 Ford Thunderbird VIN 1FAPP6240PH113980 (the "Property"), as evidenced by World Finance's secured proof of claim filed in this case. Debtor's confirmed Plan provides that the Property is surrendered in full satisfaction of the debt.
>
> By agreement of the parties, and for good cause shown, IT IS ORDERED, as follows:
>
> Debtor has or shall voluntarily surrender the Property to World Finance or its agent at a mutually convenient location.

7

> The Automatic Stay of 11 USC Section 362 shall be lifted so as to authorize the sale of the Property and World Finance to exercise its right in the Property. The Trustee abandons her interest in the Property.
>
> It is so Ordered.

JULY 18, 2006 AGD. ORDER; *see also* JT. STIPS. at ¶ 6.

The Bankruptcy Code defines "debt" as a "liability on a claim." 11 U.S.C. § 101(12) (2005). Claim is defined as follows:

> (A) [the] right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) [the] right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured[.]

11 U.S.C. § 101(5) (2005). World Finance asks the court to interpret these definitions as providing for a division of the Debtors' obligations under the November 10, 2005 Note into a portion secured by the Ford Thunderbird and a portion secured by the other items of personal property pledged as security for the loan.[6] Additionally, World Finance argues that "it is the secured claim or secured portion of a claim to which the surrender applies or relates. When a surrender in full satisfaction of a debt occurs, the debt referred to is the secured claim portion of a partially secured/partially unsecured claim." WORLD FINANCE BR. at 3.

This argument advanced by World Finance cannot prevail for several reasons. First, although the Code defines "debt" as meaning "liability on a claim," which is "a right to payment," the fact

---

[6] *See supra* n.1.

8

remains that World Finance's "right to payment" was based upon a single transaction, the November 10, 2005 Note evidencing a loan in the principal amount of $3,690.60. This was the principal amount of the debt at the inception of the loan, i.e., World Finance's right to payment from the Debtors, irrespective of whether any or all of the $3,690.60 was secured or unsecured.

Second, World Finance has been aware of the treatment provided its claim from the outset. The Debtors' proposed Chapter 13 Plan, filed on June 8, 2006, provided for the "Surrender in Full Satisfaction of Debt" of the Ford Thunderbird to World Finance. The July 17, 2006 Confirmed Plan provides for the "Surrender in Full Satisfaction of Debt," and the Agreed Order Lifting Automatic Stay entered on July 18, 2006, recites that the "confirmed plan provides that the Property [the Ford Thunderbird] is surrendered in full satisfaction of the debt."[7] Furthermore, the Confirmed Plan specifically provides that "a secured creditor shall be paid an allowed unsecured deficiency claim unless otherwise noted" and then expressly provides that with respect to World Finance, the Ford Thunderbird shall be "Surrender[ed] in Full Satisfaction of Debt." JULY 18, 2006 ORDER at ¶ 14. There is no ambiguity or lack of clarity in the Confirmed Plan regarding the treatment of the World Finance debt.

Third, pursuant to § 1327(a), the Confirmed Plan is binding on all parties, irrespective of whether they were provided for in the plan and/or objected to, rejected, or accepted the plan. Here, World Finance is expressly provided for in the Confirmed Plan. World Finance was given the

---

[7] The court presumes that counsel for World Finance prepared the Agreed Order Lifting Automatic Stay for presentation to the court on behalf of the parties. Regardless, World Finance agreed to the entry of this Order as is established not only by the caption of the Order, but also by a recitation therein that it was submitted "[b]y agreement of the parties" and bears the approval signature of the counsel for World Finance.

opportunity to object to its treatment under the Debtors' proposed plan prior to confirmation; however, it did not, and the Order Confirming Chapter 13 Plan was entered on July 17, 2006. Upon entry of the Confirmed Plan, it was inconsequential that the Debtors valued the Ford Thunderbird at $500.00 in their statements and schedules. Upon entry of the Confirmed Plan providing for surrender in full satisfaction of World Finance's debt, the value of the Ford Thunderbird became immaterial. Whatever its actual value, it was surrendered in full satisfaction of the World Finance debt.

In summary, the court finds that the phrase "Surrender in Full Satisfaction of Debt" contained in the Debtors' Confirmed Plan means that the entire outstanding balance of $3,698.00 owed by the Debtors to World Finance has been fully satisfied by the Debtors' surrender of the Ford Thunderbird. World Finance does not hold an unsecured claim in the Debtors' case. The Chapter 13 Trustee's Objection to Claim shall be sustained and the $3,698.00 claim of World Finance will be disallowed.

An order consistent with this Memorandum will be entered.

FILED: November 16, 2006

            BY THE COURT

            */s/ RICHARD STAIR, JR.*

            RICHARD STAIR, JR.
            UNITED STATES BANKRUPTCY JUDGE